UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARICA W.,

        Plaintiff,                    Case No. 2:23-cv-10486
                                                Hon. Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S PETITION FOR AN AWARD OF ATTORNEY FEE PURSUANT TO 42 U.S.C. § 406(b)(1) (ECF No. 20)

**I.    INTRODUCTION**

    **A. Procedural Background**

On February 27, 2023 Arica W. ("Plaintiff") commenced this action via counsel for judicial review of the Commissioner's unfavorable decision. (ECF No. 1.)  On September 26, 2023 this Court remanded the case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g), pursuant to a stipulation between the parties. (ECF No. 16.)   Plaintiff's challenge resulted in an order for attorney fees in the amount of $7,946.04 in Equal Access to Justice Act (EAJA) fees, again pursuant to stipulation. (ECF No. 19.)  Since then, as alleged

by Plaintiff's counsel, the Administrative Law Judge (ALJ) found that ". . . Plaintiff is disabled and therefore eligible for benefits." (ECF No. 20-1, PageID.2796, ¶ 8.).

On February 4, 2025, the Social Security Administration (SSA) informed Plaintiff that she was "entitled to monthly disability benefits . . . beginning April 2020." (ECF No 20-3, PageID.2806.) *Inter alia*, the SSA noted it was withholding Plaintiff's social security benefits "for April 2020 through January 2025[,]" explaining that it "may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period." (*Id.*, PageID.2807) The SSA also explained that it "will withhold part of any past-due benefits to pay the representative." *i.e.*, an assumed 25% contingency fee. (ECF No. 20-3.)

### B. The Instant Motion

On April 1, 2025, Attorney Howard D. Olinsky filed a petition for an award of attorney fees, requesting $9,817.75 under Social Security Act § 206(b)(1), 42 U.S.C. § 406(b)(1). (ECF No. 20, PageID.2796.) Plaintiff's counsel also notes that upon receipt of payment, the EAJA fees in the amount of $7,946.04 will be refunded. (ECF No. 20-1.)

In the Defendant's response, the Acting Commissioner ("Commissioner") represented he "neither supports nor opposes counsel's request for attorney's fees

in the amount of $9,817.75 under 42 U.S.C. § 406(b)." (ECF No. 21, PageID.2825.)

**II. Discussion**

While the Commissioner does not oppose the amount sought, the Court has an independent obligation to assess the reasonableness of a request for attorney fees under the statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *see also Lasley v. Commissioner of Social Sec.*, 711 F.3d 308, 310 (6th Cir. 2014). Indeed, as the Sixth Circuit has noted, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). "The party requesting attorney fees bears the burden of establishing the number of hours and hourly rate are reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, (1984)). "In order to determine the local market rate, the court should rely on a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14 -01000, 2016 U.S. Dist. LEXIS 167120, at *8 (W.D. Mich. Dec.

3

5, 2016).  The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates, *Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010), and the benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey. *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501–02 (6th Cir. 2006).  "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

When analyzing large hourly fees, the Sixth Circuit has held that a 25% fee award is presumed reasonable. *See Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).  The court in *Rodriquez* observed two exceptions to that presumption: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*.  The Court finds that neither of the two exceptions applies in this case, and thus, Petitioner's request is presumptively reasonable.

The Court has reviewed Petitioner's bill of costs in detail, which provides an itemization of 40.5 hours worked by the attorney and 7.1 hours worked by the paralegal. (ECF No. 20-1, PageID.2796.)  If the paralegal time was billed at a

4

hypothetical hourly rate of $80.00 and deducted, the effective hourly attorney rate is $228.39. (*Id*.) The court in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990) provides a guideline for reasonable hourly rates:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id*. at 422. The court believed that using a multiplier of two was appropriate as a floor "in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would ensure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id.*

There is no evidence that Petitioner acted improperly, ineffectively, or put in merely a minimal effort, and the Court finds that the award would not result in a windfall to Petitioner. A $228.39 hourly rate falls within the parameters set by the Sixth Circuit. *See id*. Attorney Olinsky was admitted to the State Bar of New York in 1986; thus, he has been an attorney for more than thirty-nine years.[1] Here, Petitioner's hypothetical hourly rate equals $228.39, placing him below the $300

---

[1] *See* https://iapps.courts.state.ny.us/attorneyservices/search?2&tab=attorney "Attorney Online Services – Search" (last visited Jul. 1, 2025.)

an hour median rate for attorneys in Michigan with more than 35 years of experience[2] and the $385 average rate for attorneys in New York.[3]

Furthermore, other courts in this District have approved similar and higher rates. *See Beckrow v. Comm'r of Soc. Sec.*, No. 19-12834, 2022 WL 1050387, at *2 (E.D. Mich. Mar. 18, 2022) (Stafford, M.J.) ("A review of cases from this district reveals that an hourly rate of $250 to $500 is standard and doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny."), *report and recommendation adopted*, No. 2:19-CV-12834, 2022 WL 1050694 (E.D. Mich. Apr. 7, 2022) (Murphy, J.); *Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (Goldsmith, J.) ("The Court finds that an award of $23,175 is reasonable, which equates to an effective hourly rate of $750.") (external citation omitted). In addition to my findings regarding the reasonableness of the hourly rate, I have carefully reviewed the itemized entries for the work done. The entries by Attorney Olinsky dated February 2023 to December 2023 total 40.5 hours and appear associated with the instant matter, Case No. 2:23-cv-10486-APP (E.D. Mich.). (ECF No. 20-5, PageID.2817-18.) Additionally, the entries by various paralegals

---

[2] *See* https://www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf (last visited Jul. 29, 2025.)

[3] *See* https://www.lawpay.com/about/blog/lawyer-hourly-rate-by-state/ (last visited Jul. 1, 2025.)

dated February 2023 to December 2023 total 7.1 hours. (ECF No.20-6, PageID.2820-21.) Upon consideration, I further find that the hours charged are reasonable. Thus, the Court should find that an award of attorney fees in the amount of $9,817.75 is reasonable, particularly in light of the "exceptional result" achieved (*see Ryder* 2017 WL 2124517, at *2), recovering $68,071 in benefits going back to 2020. (ECF No. 20-1, PageID.2795.)

As counsel has acknowledged, upon receipt of attorney's fees under Social Security Act § 406(b)(1), he must refund the attorney fee of $7,946.04 to his client under the EAJA in Case No. 2:23-cv-10486-APP (E.D. Mich.) (ECF No. 20-1, PageID.2797.)

Finally, Plaintiff's counsel has certified that he served a copy of the instant motion on his client on April 1, 2025. (ECF No. 22.) To date, Plaintiff has not filed any opposition.

### III. Order

For the reasons set forth above, the Court **HEREBY GRANTS** Petitioner's April 1, 2025 motion for award of attorney fees pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1) (ECF No. 20), **AWARDING** counsel a reasonable fee of **$9,817.75** and **DIRECTING** the Commissioner of Social Security to disburse **$9,817.75** from the representative fees withheld from Plaintiff Arica W.'s past due benefits to Petitioner, Attorney Howard D. Olinsky, upon

presentation of the Court's Opinion and Order. Upon receipt of this fee, counsel must refund Plaintiff **$7,946.04**.

_____
Anthony P. Patti
United States Magistrate Judge

Dated: July 30, 2025

8